# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| VEHICLE IP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SCHNEIDER NATIONAL, INC., <br><br> Defendant. | Civil Case No. 3:14-cv-826 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Vehicle IP, LLC files this Complaint and demand for jury trial seeking relief for patent infringement by the Defendant. Vehicle IP, LLC states and alleges the following:

## THE PARTIES

1. Plaintiff Vehicle IP, LLC is a Delaware limited liability company, having its principal place of business at 5101 Wheelis Drive, Suite 100, Memphis, Tennessee 38117. Vehicle IP is wholly-owned by Vehicle Safety & Compliance, LLC ("VSAC") located in Memphis, Tennessee. VSAC is a transportation technology company that invents, develops and sells products principally for commercial vehicles.

2. On information and belief, Defendant Schneider National, Inc. is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business located at 3101 South Packerland Drive, Green Bay, Wisconsin 54313.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Schneider National because it regularly conducts business in the State of Texas and therefore has substantial and continuous contacts within this judicial district; because it has purposefully availed itself to the privileges of conducting business in this judicial district; and/or because it has committed acts of patent infringement in this judicial district.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## COUNT I
**(Patent Infringement)**

6. Vehicle IP restates and realleges the preceding paragraphs of this Complaint.

7. On December 2, 1997, United States Patent No. 5,694,322 ("the '322 patent") entitled "Method and Apparatus for Determining Tax of a Vehicle" was duly and legally issued by the United States Patent and Trademark Office. Vehicle IP owns the '322 patent by assignment. A true and correct copy of the '322 patent is attached as Exhibit A.

8. On October 19, 1999, United States Patent No. 5,970,481 ("the '481 patent") entitled "Method and Apparatus for Determining Tax of a Vehicle" was duly and legally issued by the United States Patent and Trademark Office. Vehicle IP owns the '481 patent by assignment. A true and correct copy of the '481 patent is attached as Exhibit B.

9. On information and belief, Schneider National uses a Qualcomm vehicle positioning and communication system and Comdata fuel tax reporting services that, in

combination, are capable of practicing the '322 and '481 patents. Based on publicly available information, Vehicle IP suspected that Schneider National may have infringed the '322 and '481 patents.

10. Vehicle IP gave Schneider National actual notice of the '322 and '481 patents as early as January 16, 2009, and from that date has sought information that would assist Vehicle IP in confirming whether Schneider National's systems and methods for determining the fuel tax for its vehicles are within the lawful scope of one or more claims of the '322 and '481 patents.

11. For example, on January 16, 2009, counsel for Vehicle IP sent a letter to Thomas Vandenberg, General Counsel for Schneider National, identifying the '322 and '481 patents and requesting that Schneider National provide information sufficient to describe in detail the systems and methods it uses to calculate fuel taxes for the vehicles in its fleet.

12. More than two months later, on April 1, 2009, Mr. Vandenberg responded that since at least 2001, Schneider National has outsourced its fuel tax reporting to Comdata Corporation. Mr. Vandenberg indicated that he forwarded Vehicle IP's letter to Comdata for its response.

13. One month later, on May 1, 2009, Vehicle IP sent a follow-up letter inquiring about the status of Schneider National's investigation and requesting a response by May 6, 2009. Schneider National responded to Vehicle IP that it did not know the status of Comdata's investigation and suggested that Vehicle IP contact Comdata directly.

14. Vehicle IP contacted Comdata on June 17, 2009. The June 17 letter sought information that would assist Vehicle IP in confirming whether Schneider National's systems and methods for determining the fuel tax for its vehicles practiced one or more claims of the '322 and '481 patents.

15. After exchanging several letters with Comdata, on October 30, 2009, Comdata responded that it had located information responsive to Vehicle IP's request and offered to provide the information once the parties had entered into a suitable confidentiality agreement.

16. Over the next few months, Vehicle IP and Comdata negotiated the terms of a confidentiality agreement and, on February 10, 2010, Vehicle IP agreed to the final terms of the agreement proposed by Comdata. Vehicle IP's counsel then requested that Comdata forward an executed copy of the confidentiality agreement to Vehicle IP. After waiting nearly one month for a response, on March 10, 2010, Vehicle IP sent a letter to Comdata inquiring about the status of the agreement.

17. On March 15, 2010, Comdata responded to Vehicle IP. In its response, Comdata revealed that it had filed *ex parte* reexamination requests with the United States Patent and Trademark Office (Patent Office) with respect to the '322 and '481 patents. Comdata filed those requests on February 16, 2010. Comdata also disclosed that it had no intention of entering into a confidentiality agreement with Vehicle IP or providing Vehicle IP with the information it had requested: "At this time, Comdata is not prepared to enter into a nondisclosure agreement with Vehicle IP, LLC until the United States Patent and Trademark Office resolves issues of invalidity with respect to the '322 patent and the '481 patent."

18. In light of Comdata's refusal to provide the requested information, on June 2, 2010, Vehicle IP sent another letter to Schneider National. The June 2 letter sought targeted information regarding Schneider National's systems and methods for fuel tax determination and requested Schneider National let Vehicle IP know by June 9, 2010, whether it would provide the requested information and supply a date certain on which that information would be provided.

Schneider National has never provided the requested information or, for that matter, further responded to Vehicle IP.

19.     A little more than a week later, on June 10, 2010, Comdata sent another letter to Vehicle IP.  In the letter, Comdata confirmed that it was unwilling to provide Vehicle IP with the information concerning the fuel tax reporting services it provides to Schneider National until the Patent Office "resolves issues of invalidity with respect to both patents."  The letter further demanded that Vehicle IP "cease and desist threatening Comdata's customers."

20.     On April 30, 2010 and May 1, 2010, the Patent Office granted Comdata's requests for reexamination of the '322 and '481 patents.

21.     On September 13, 2011, the Patent Office concluded the first reexamination of the '322 patent by issuing an *Ex Parte* Reexamination Certificate, confirming the patentability of the original claims and the new claims added during the reexamination.  A true and correct copy of the Reexamination Certificate of the '322 patent is attached as Exhibit C.

22.     On July 8, 2011, and nearly one week after the Patent Office issued the Notice of Intent to Issue a Reexamination Certificate (NIRC) for the '322 patent, Comdata filed a second request for reexamination of the '322 patent.  The Patent Office granted Comdata's request.  More than two years later, on January 15, 2014, the Patent Office concluded the second reexamination of the '322 patent by issuing an *Ex Parte* Reexamination Certificate.  The Patent Office confirmed the patentability of claims 7, 17, 34, 44, 47, 48, 51, 52, 65, 66, 69, 70, 73, 74, 87, 88, 92, 93, 95, 98, 99, 113, 114, 130, 131, 133, 135, 137, 140, 141, 174, 175, 185, and 186 of the '322 patent.  A copy of the second Reexamination Certificate of the '322 patent is attached as Exhibit D.

23. On July 10, 2012, the Patent Office concluded the first reexamination of the '481 patent by issuing an *Ex Parte* Reexamination Certificate, confirming the patentability of the original claims and the new claims added during the reexamination. A true and correct copy of the Reexamination Certificate of the '481 patent is attached as Exhibit E.

24. On August 1, 2012, and less than one month after the Patent Office issued the reexamination certificate for the '481 patent, Comdata filed a second request for reexamination of the '481 patent. The Patent Office granted Comdata's request. On January 15, 2014, the Patent Office concluded the second reexamination of the '481 patent by issuing an *Ex Parte* Reexamination Certificate. The Patent Office confirmed the patentability of claims 1-11, 13-20, 42-44, 53-73, 83-85, and 94-110. A copy of the second Reexamination Certificate of the '481 patent is attached as Exhibit F.

25. Because Schneider National and Comdata have refused to respond to Vehicle IP's inquiries, Vehicle IP has not been able to further analyze the extent of Schneider National's infringement. Therefore, relying on the precedent established in *Hoffmann-La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359 (Fed. Cir. 2000) and on information and belief, Vehicle IP pleads that Schneider National has made, used, sold, and offered for sale and are currently making, using, selling, and offering for sale a system and method for determining the fuel tax of a vehicle, including, but not limited to, the Qualcomm vehicle position and communication system (or systems that are materially similar) in combination with Comdata fuel tax reporting services. Through these activities, Schneider National has been infringing the '322 and '481 patents.

26. On information and belief, Schneider National has been and is actively inducing the infringement of the '322 and '481 patents in violation of 35 U.S.C. § 271(b) by inducing third parties, such as Qualcomm and Comdata, to provide the products and services identified in

paragraph 25 that are used by the accused systems and methods that infringe the '322 and '481 patents.

27. On information and belief, Schneider National knew that its actions would induce infringement of the '322 and '481 patents, and Schneider National possessed specific intent to encourage the infringement. For example, Schneider National has admitted that it has outsourced to Comdata the fuel tax reporting of the accused systems and methods that practice the claims in the '322 and '481 patents. This shows that Schneider National knowingly induced Comdata to commit acts necessary to infringe the '322 and '481 patents and Comdata committed those acts.

28. On information and belief and based on the preceding paragraphs, there was and is an objectively high likelihood that Schneider National has been and is infringing the '322 and '481 patents; Schneider National has been and is infringing the '322 and '481 patents with knowledge of the patents; and Schneider National subjectively knew of the risk of infringement of the '322 and '481 patents and/or the risk of infringement of the '322 and '481 patents was so obvious that Schneider National should have known of the risk; and thus, Schneider National's infringement of the '322 and '481 patents has been and continues to be willful.

29. On information and belief, Schneider National will continue to infringe the '322 and '481 patents unless and until it is enjoined by this Court.

30. Schneider National has caused and will continue to cause Vehicle IP irreparable injury and damage by infringing the '322 and '481 patents. Vehicle IP will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Schneider National is enjoined from infringing the '322 and '481 patents.

## PRAYER FOR RELIEF

WHEREFORE, Vehicle IP respectfully requests that this Court:

(1)     Enter judgment that Schneider National has infringed the '322 and '481 patents;

(2)     Enter an order permanently enjoining Schneider National and its officers, agents, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the '322 and '481 patents;

(2)     Award Vehicle IP damages in an amount sufficient to compensate it for Schneider National's infringement of the '322 and '481 patents, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

(3)     Award Vehicle IP an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

(4)     Treble the damages awarded to Vehicle IP under 35 U.S.C. § 284 by reason of Schneider National's willful infringement of the '322 and '481 patents;

(5)     Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Vehicle IP its attorney fees, expenses, and costs incurred in this action; and

(6)     Award Vehicle IP such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Vehicle IP demands a jury trial on all issues so triable.

Dated:                            **FISH & RICHARDSON P.C.**

                           By: */s/ Thomas M. Melsheimer*
                               Thomas M. Melsheimer
                               Texas Bar No. 13922550
                               melsheimer@fr.com
                               Britnee M. Reamy
                               Texas Bar No. 24053439
                               reamy@fr.com
                               FISH & RICHARDSON  P.C.
                               1717 Main Street, Suite 5000
                               Dallas, TX  75201
                               (214) 747-5070 Telephone
                               (214) 747-2091 Facsimile

                               Attorneys for Plaintiff
                               VEHICLE IP, LLC